[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO DISQUALIFY
PROCEDURAL HISTORY
This suit arises out of the sale by the plaintiff Roosevelt Building Products Co., Inc ("Roosevelt") of certain assets to the defendant Morin Corporation ("Morin"). Roosevelt alleges in its complaint that Morin took possession of certain assets of Roosevelt that were not included as part of the sale. The closing was held on April 30, 1999. Morin now seeks to have Attorney Otto Witt ("Witt") disqualified as Roosevelt's counsel in the pending matter under Rule 3.7(a) of the Rules of Professional Conduct. Morin claims that Attorney Witt is a necessary witness to the pending proceedings in that Attorney Witt 1) together with Moran's counsel CT Page 12380 Attorney Carl Kamindz drew up the closing documents, 2) attended the closing, 3) witnessed the execution of the bill of sale, 4) was part of discussions between the parties concerning certain documents related to the closing, and 5) has personal knowledge as to these conversations and the meaning of the disputed closing documents and the intent of the parties.
DISCUSSION
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court." State v. Jones,180 Conn. 443, 448 (1980), appeal after remand, 193 Conn. 70 (1984). Attorney conduct is also regulated by the Rules of Professional Conduct, Rules 1.1-8.5. The Superior Court has a duty to enforce those rules. See e.g., State v. Jones, supra, 448 (referring to the Code of Professional Responsibility and Canons of Ethics, the predecessors of the current rules). The Superior Court has broad discretionary power in ruling upon a motion to disqualify Id.; Flanagan v. Kohary, Superior Court, judicial district of New Haven, Docket No. 303980 (March 18, 1991, Dorsey, J.).
Rule 3.7, Lawyer As Witness, of the Rules of Professional Conduct provides in pertinent part:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
"[W]hether a witness `ought' to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence." Tropical Suntan Centers, Inc. v. Salvati, Superior Court, judicial district of Milford, Docket No. 031092 (1 Conn. L. Rptr. 497, 498) (April 12, 1990, Meadow, J.), citing SS Hotel Ventures LimitedPartnership v. 777 S.H. Corp., 69 N.Y.2d 437, 445-46 (1987), see also CT Page 12381Keoseian v. Von Kaulbach, 707 F. Sup. 150, 154 (S.D.N.Y. 1989).
"[B]efore permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice." Close, Jensen Miller v. Lomangino, Superior court, judicial district of Tolland at Rockville, Docket No. 48419 (March 10, 1995,Klaczak, J.).
"The right to counsel of one's choice, though not absolute, is a fundamental premise of our adversary system. Richardson-Merrell, Inc. v.Koller, 472 U.S. 424, 443 (Brennan, J., concurring); Burger v. Burger,Inc. v. Murren, 202 Conn. 660. Moreover, an attorney whose disqualification is sought has a "personal and financial interest' in a disqualification decision. Richardson-Merrell, Inc. v. Koller, supra, at 434. Given the significant interests of defendants and of defendants' counsel impacted by a disqualification decision, mere allegations of necessity do not suffice to support this motion." DeMarco v. FireCommand, Inc., Superior Court, judicial district of New Haven, Docket No. 297381 (July 27, 1990, Downey, J.).
One of the disputed issues in this case is whether certain oral statements were made at the closing by the parties to the agreement concerning the assets to be conveyed to Morin. There is also a dispute between the parties concerning the precise role of Attorney Witt at the closing insofar as what he said or did not say to the defendant with respect to the meaning of certain portions of the agreement.
The testimony of Attorney Witt does relate to a contested issue and is not related to the nature and value of legal services. The plaintiff claims that there were other people present during the closing and therefore Attorney Witt's testimony is not necessary.
"Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. . . . In disqualification matters, however, we must be solicitous of a client's right freely to choose his counsel . . . mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operation. . . . The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiffs' interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice. . . ." (Citations omitted; CT Page 12382 internal quotation marks omitted.) Bergeron v. Mackler, 225 Conn. 391,397-98 (1993).
Here, the current state of the pleadings and the lack of an evidentiary hearing militate against the grant of the defendant's motion to disqualify. Relying solely upon the arguments presented in their memorandum and the argument at the short calendar, Morin simply fails to persuade the court that Attorney Witt's testimony is truly necessary.
Accordingly, the court denies the motion to disqualify, but orders the plaintiff to have separate counsel available to act as trial counsel for the plaintiff if Attorney Witt is called as a witness at trial. That counsel need not be retained immediately, but must be retained at a time sufficiently prior to the trial date in this action to permit that counsel to effectively prepare for such representation.
Cremins, J.